IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| RON SCHROEDER, on behalf of plaintiff and the class members described herein, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) |
| TFC CREDIT CORPORATION OF CALIFORNIA and RETAIL READY CAREER CENTER INC., | ) ) ) ) |
| Defendants. | ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff Ron Schroeder brings this action against defendants TFC Credit Corporation of California, d/b/a TFC Tuition Financing ("TFC"), and Retail Ready Career Center Inc. ("RRCC"), to secure redress for (a) violation of the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), and Regulation Z, 12 C.F.R. part 1026, and (b) breach of contract and common law and statutory fraud arising out of the sudden closure of a vocational school.

2. TILA requires disclosures of credit terms in consumer credit transactions. TILA was originally enacted in 1967 "to effectively adopt a new national loan vocabulary that means the same in every contract in every state." *Mason v. General Finance Corporation of Virginia*, 542 F.2d 1226, 1233 (4th Cir. 1976). "The legislative history [of TILA] makes crystal clear that lack of uniformity in the disclosure of the cost of credit was one of the major evils to be remedied by the Act." 542 F.2d at 1231.

3. TILA and Regulation Z require disclosure of several key credit terms, computed in the precise manner prescribed by the regulation and using precise terminology. The most critical disclosure for "closed-end credit" transactions (credit other than a credit card or revolving line of credit) is the "annual percentage rate" (APR). 12 C.F.R. §1026.18(e). A single APR is required to be computed using the formula specified in TILA and Regulation Z.

## VENUE AND JURISDICTION

4. This Court has jurisdiction under 28 U.S.C. §§1331 (general federal question), 1332 (diversity), 1332(d) (Class Action Fairness Act), 1337 (interstate commerce) and 1367 (supplemental jurisdiction), and 15 U.S.C. §1640 (TILA).

5. The parties are of diverse citizenship. The amount in controversy, on a classwide basis, exceeds $5 million, exclusive of interest and costs. On an individual basis, plaintiff's claim exceeds $75,000, exclusive of interest and costs.

6. Venue in this District is proper because a material part of the events at issue occurred here.

## PARTIES

7. Plaintiff Ron Schroeder is a resident of Roseville, Warren County, Illinois, and a citizen of Illinois. He was a member of the Illinois National Guard and served from 1993 to 2001 and 2010 to 2013.

8. Defendant TFC is a California corporation with principal offices at 2010 Crow Canyon Pl., Suite 300, San Ramon, CA 94583.

9. Defendant TFC operates a nationwide tuition financing business, financing students at more than 2,000 schools, including schools in Illinois.

10. On information and belief, TFC holds the contracts of and obtains money from hundreds of Illinois residents.

11. Defendant TFC extends credit to more than 26 persons per year and is therefore a creditor as defined in TILA.

12. All of the credit extended by TFC is for personal, family or household purposes, namely education.

13. Defendant RRCC is a Delaware corporation that operated a vocational school at its principal place of business, 2800 W. Kingsley Rd., Ste. 103 Garland, TX 75041-2402.  Its registered agent and office is Jonathan Davis, 767 Laguna, Irving, TX 75039.

14. Defendant RRCC specialized in offering Heating, Ventilating & Air Conditioning Service ("HVAC") vocational training to veterans.

15. Defendant RRCC aggressively recruited veterans from throughout the United States, including specifically Illinois.

16. For example, on Thursday, June 26, 2014, RRCC conducted a HVAC career job fair in Lansing, Illinois, a suburb of Chicago.  RRCC regularly directed solicitations to veterans in Illinois.  RRCC also marketed to veterans on Indeed and ZipRecruiter, knowing this would result in the recruitment of persons in Illinois.

17. RRCC stated on its web site (http://www.rrcfuture.com/faq/) that "Retail Ready Career Center has established alliances with contractors nationwide," including Illinois.

18. Defendant RRCC extends credit to more than 26 persons per year and is therefore a creditor as defined in TILA.

19. All of the credit extended by RRCC, including that to plaintiff, is for personal,

family or household purposes, namely education.

## FACTS

20. In August 2017, plaintiff contracted for HVAC training with RRCC.

21. To finance the training, plaintiff signed a retail installment contract with RRCC. The contract included TILA disclosures. A copy of the contract is attached as Exhibit A.

22. The contract provided that any holder was subject to claims and defenses that the student had against the educational institution, up to the amount of the contract.

23. Plaintiff also received a "final disclosure form," also containing TILA disclosures (Exhibit B).

24. The contract and "final disclosure form" contained bewildering and inconsistent disclosures of the APR.

25. The retail installment contract disclosed an annual percentage rate of 11.18% at one point. Immediately below, it disclosed an APR of 12% for the first 24 payments and an APR of 10% for the next 48 payments.

26. The entries on Exhibits A and B were prepared in a standardized manner.

27. The "final disclosure form" stated that no interest would be charged until the first payment.

28. The "final disclosure form" stated both that the loan was a fixed rate loan and that there was a maximum possible interest rate of 25%.

29. The actual APR derived from the stated payment stream was 11.552% (Exhibit C).

30. As a result of the above, the APR disclosures were both understated in excess of

the applicable tolerance and confusing.

31. The noncompliance is apparent from the contract and disclosure documents.

32. RRCC regularly assigned retail installment contracts to TFC.

33. Plaintiff reported for class.

34. On or about September 29, 2017, RRCC closed and sent its students, including plaintiff, home as a result of a Government investigation and the Department of Veterans Affairs withdrawing approval for RRCC to receive GI Bill Benefits. Most of its students were veterans.

35. About 330 students were sent home without completing their training.

36. Plaintiff was not the only student from Illinois.

37. As a result, plaintiff is purportedly obligated under Exhibit A but did not receive the education he contracted for.

38. On information and belief, at the time RRCC had plaintiff sign Exhibit A, it knew it was under investigation by the Government and was highly likely to be unable to provide the training it was obligating plaintiff to pay for.

39. RRCC failed to disclose that it was highly likely to be unable to provide the training it was obligating plaintiff to pay for.

40. The fact that RRCC was highly likely to be unable to provide the training it was obligating plaintiff to pay for was a material fact that plaintiff could not ascertain, and that it was obligated to disclose.

## COUNT I – TILA

41. Plaintiff incorporates paragraphs 1-40.

42. Defendant RRCC's APR misdisclosure violated 15 U.S.C. §1638 and 12 C.F.R.

§1026.18.

43.  Defendant TFC is liable under 15 U.S.C. §1641.

## CLASS ALLEGATIONS

44.  Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

45.  The class consists of (a) all individuals (b) who received form documents like Exhibits A and B, which contained inconsistent and/or inaccurate information regarding the APR (c) on or after a date one year prior to the filing of this action (d) which document was assigned to TFC.

46.  On information and belief, the class includes more than 40 persons, and is so numerous that joinder of all members is not practicable.

47.  There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

    a.    Whether the form represented by Exhibit A accurately, clearly and conspicuously discloses the APR.

    b.    Whether the form represented by Exhibit A violates TILA.

    c.    The liability of TFC.

48.  Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

49.  Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and consumer credit litigation.

50. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the TILA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendants for:

    i. Statutory damages;

    ii. Attorney's fees, litigation expenses and costs of suit;

    iii. Such other and further relief as the Court deems proper.

## COUNT II – BREACH OF CONTRACT

51. Plaintiff incorporates paragraphs 1-40.

52. RRCC violated its contracts with the students enrolled at the time the school was shut down.

53. TFC is subject to claims and defenses that the students have against RRCC under the contract language.

## CLASS ALLEGATIONS

54. Plaintiff brings this claim on behalf of a class and subclass, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

55. The class consists of (a) all individuals (b) enrolled at RRCC on September 29, 2017.

56. The subclass consists of class members who signed retail installment contracts assigned to TFC.

57. On information and belief, the members of the class and subclass exceed 40, and are so numerous that joinder of all members is not practicable.

58. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

    a. Whether defendant RRCC breached its contracts with the class members,

    b. Whether TFC is subject to claims and defenses against RRCC.

59. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

60. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and consumer litigation.

61. A class action is superior for the fair and efficient adjudication of this matter, in that individual actions are not economically feasible.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendants for:

    i. Compensatory damages;

    ii. Costs;

    iii. Such other or further relief as the Court deems proper.

## COUNT III – FRAUD

62. Plaintiff incorporates paragraphs 1-40.

63. RRCC committed fraud by entering into contracts with plaintiff and class members while failing to disclose that it was highly likely to be unable to provide the training it was obligating plaintiff and the class members to pay for.

## CLASS ALLEGATIONS

64. Plaintiff brings this claim on behalf of a class and subclass, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

65. The class consists of (a) all individuals (b) enrolled at RRCC on September 29, 2017.

66. The subclass consists of class members who signed retail installment contracts assigned to TFC.

67. On information and belief, the members of the class and subclass exceed 40, and are so numerous that joinder of all members is not practicable.

68. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

    a. Whether defendant RRCC committed fraud by signing up students when it knew or recklessly disregarded the fact that it would not be able to perform those contracts,

    b. Whether TFC is subject to claims and defenses against RRCC.

69. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

70. Plaintiff will fairly and adequately represent the class members. Plaintiff has

retained counsel experienced in class actions and consumer litigation.

71. A class action is superior for the fair and efficient adjudication of this matter, in that individual actions are not economically feasible.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendants for:

    i. Compensatory damages;

    ii. Punitive damages;

    iii. Costs;

    iv. Such other or further relief as the Court deems proper.

## COUNT IV – TEXAS EDUCATION CODE

72. Plaintiff incorporates paragraphs 1-40.

73. Under Texas Education Code §132.242, "Closed School or College," requires a closed school whose students are not placed in another school to refund the student's tuition and fees.

74. Under Texas Education Code §132.123, plaintiff and the class members are entitled to damages, attorney's fees, and costs of suit.

## CLASS ALLEGATIONS

75. Plaintiff brings this claim on behalf of a class and subclass, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

76. The class consists of (a) all individuals (b) enrolled at RRCC on September 29, 2017.

77. The subclass consists of class members who signed retail installment contracts

assigned to TFC.

78. On information and belief, the members of the class and subclass exceed 40, and are so numerous that joinder of all members is not practicable.

79. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

    a. Whether defendant RRCC is obligated to refund students' tuition or cancel their contracts.

    b. Whether TFC is subject to claims and defenses against RRCC.

80. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

81. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and consumer litigation.

82. A class action is superior for the fair and efficient adjudication of this matter, in that individual actions are not economically feasible.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendants for:

    i. Compensatory damages;

    ii. Attorney's fees, litigation expenses and costs;

    iii. Such other or further relief as the Court deems proper.

### COUNT V – TEXAS DECEPTIVE TRADE PRACTICES ACT

83. Plaintiff incorporates paragraphs 1-40.

84. Defendant RRCC engaged in deceptive acts and practices as defined in Texas Business and Commerce Code §17.46(b)(5), (9), and (24), and unconscionable acts within Texas Business and Commerce Code §17.50(a)(3), when it entered into contracts with students knowing that it was under investigation and was unlikely to be able to perform the contracts, without disclosing such fact.

85. Defendant RRCC represented, by entering into the contracts, that it was able to deliver the educational course described in the contracts.

86. The plaintiff and class members relied upon the violative acts by entering into the contracts and reporting for class.

87. Under Texas Business and Commerce Code §17.50, plaintiff and the class members are entitled to treble damages, cancellation of their contracts, attorney's fees, and costs of suit.

88. Defendant TFC is subject to the claims and defenses which plaintiff and the class members have against RRCC.

## CLASS ALLEGATIONS

89. Plaintiff brings this claim on behalf of a class and subclass, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

90. The class consists of (a) all individuals (b) enrolled at RRCC on September 29, 2017.

91. The subclass consists of class members who signed retail installment contracts assigned to TFC.

92. On information and belief, the members of the class and subclass exceed 40, and

are so numerous that joinder of all members is not practicable.

93. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

    a. Whether defendant RRCC engaged in deceptive or unconscionable acts and practices;

    b. Whether TFC is subject to claims and defenses against RRCC.

94. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

95. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and consumer litigation.

96. A class action is superior for the fair and efficient adjudication of this matter, in that individual actions are not economically feasible.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendants for:

    i. Compensatory damages, trebled;

    ii. An order declaring their retail installment contracts to be unenforceable and requiring their cancellation;

    iii. Attorney's fees, litigation expenses and costs;

    iv. Such other or further relief as the Court deems proper.

s/ Daniel A. Edelman  
Daniel A. Edelman

Daniel A. Edelman  
Cathleen M. Combs  
James O. Latturner  
Tara L. Goodwin  
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC  
20 South Clark Street, Suite 1500  
Chicago, IL 60603-1824  
(312) 739-4200  
(312) 419-0379 (FAX)  
Email address for service:  courtecl@edcombs.com

Anne Burton  
BURTON LAW OFFICE, LLC  
212 W. Carroll St.  
P.O. Box 783  
Macomb, IL  61455  
tel./fax:  (309) 837-1435

## JURY DEMAND

Plaintiff demands trial by jury.

                                                s/ Daniel A. Edelman
                                                Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                              s/ Daniel A. Edelman
                                              Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)